# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

April 23, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**WILLIAM MICHAEL REESE,**
**Claimant Below, Petitioner**

**vs.)**   **No. 12-0852**  (BOR Appeal No. 2046758)
(Claim No. 2009086277)

**WEST VIRGINIA DIVISION OF
ENVIRONMENTAL PROTECTION,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner William Michael Reese, by Patrick Maroney, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. The West Virginia Division of Environmental Protection, by H. Toney Stroud, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated June 22, 2012, in which the Board affirmed a December 15, 2011, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's November 10, 2009, decision insofar as it granted Mr. Reese a 10% permanent partial disability award for the bilateral knee contusion and right wrist, and also affirmed its finding that Mr. Reese has been fully compensated for the lumbar and cervical sprains through prior permanent partial disability awards. The Office of Judges reversed the claims administrator's decision insofar as it granted Mr. Reese no permanent partial disability award for the thoracic sprain. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Reese sustained multiple injuries when he slipped and fell at work on April 1, 2009. The claim has been held compensable for contusion of right wrist, contusion of knee (bilateral), thoracic sprain, lumbar sprain, and cervical sprain. Mr. Reese has undergone three independent

1

medical evaluations to determine the amount of permanent impairment resulting from these injuries. On August 25, 2009, Dr. Mukkamala examined Mr. Reese. He recommended a 2% permanent partial disability award for the right wrist contusion; a 4% permanent partial disability award for both the right and left knee contusions; a 0% permanent partial disability award for the thoracic sprain; and an additional 0% permanent partial disability award for both the lumbar and cervical sprains, based on a finding that Mr. Reese was fully compensated for these injuries through prior permanent partial disability awards. On June 15, 2010, Dr. Guberman examined Mr. Reese. He recommended an 8% permanent partial disability award for the right wrist contusion; a 4% permanent partial disability award for the left knee contusion and an 8% permanent partial disability award for the right knee contusion; a 5% permanent partial disability award for the thoracic sprain; a 10% permanent partial disability award for the lumbar sprain; and a 7% permanent partial disability award for the cervical sprain. On May 19, 2011, Dr. Bailey examined Mr. Reese and found that he sustained no permanent impairment as a result of the April 1, 2009, injury.

In its Order affirming in part and reversing in part the claims administrator's November 10, 2009, decision, the Office of Judges held that the claims administrator was correct in granting Mr. Reese a total of a 10% permanent partial disability award for the bilateral knee contusions and right wrist contusion, and in finding that he has been fully compensated for the cervical and lumbar sprains through prior permanent partial disability awards. The Office of Judges further held that the claims administrator's failure to grant Mr. Reese a permanent partial disability award for the thoracic sprain was incorrect, and therefore granted him a 5% permanent partial disability award for the thoracic sprain. The Board of Review affirmed the reasoning and conclusions of the Office of Judges in its decision of June 22, 2012. Mr. Reese disputes this finding and asserts that he is entitled to an additional 19% permanent partial disability award based on the report of Dr. Guberman.

The Office of Judges found that Mr. Reese is entitled to the 2% permanent partial disability award for the right wrist contusion granted by the claims administrator, based on the opinion of Dr. Mukkamala. The Office of Judges noted that Dr. Bailey stated in her report that her examination of Mr. Reese's right wrist was not credible; the Office of Judges further found that Dr. Guberman's findings with regard to the right wrist were not persuasive. Additionally, the Office of Judges found that Mr. Reese has been fully compensated for both the cervical sprain and lumbar sprain through prior permanent partial disability awards, based on the opinion of Dr. Mukkamala. The Office of Judges then found that Dr. Guberman improperly calculated the amount of whole person impairment attributable to Mr. Reese's cervical spine by apportioning for his prior permanent partial disability award at the incorrect time. The Office of Judges found that Dr. Guberman committed the same error when calculating Mr. Reese's lumbar spine impairment as he did when calculating the amount of permanent impairment attributable to the cervical spine. In reversing the claims administrator's decision denying Mr. Reese a permanent partial disability award for the thoracic sprain and granting him a 5% permanent partial disability award, the Office of Judges found that the opinion of Dr. Guberman was the most persuasive. The Office of Judges further found that the record supports Dr. Guberman's findings because Mr. Reese has a history of injury to his thoracic spine with non-verifiable radicular symptoms. We agree with the conclusions of the Office of Judges with regard to the amount of permanent

impairment attributable to the right wrist contusion, cervical sprain, lumbar sprain, and thoracic sprain.

With regard to the bilateral knee contusion, the Office of Judges found that Mr. Reese is entitled to a 4% permanent partial disability award for each knee based on the opinion of Dr. Mukkamala. As noted by the Office of Judges, both Dr. Guberman and Dr. Mukkamala recommended a 4% permanent partial disability award for the left knee; Dr. Bailey was unable to obtain valid range of motion measurements and recommended a 0% permanent partial disability award. We agree with the Office of Judges' conclusion that Mr. Reese is entitled to a 4% permanent partial disability award for the left knee. With regard to Dr. Guberman's 8% permanent partial disability award recommendation for the right knee, the Office of Judges held that Dr. Guberman's opinion is not persuasive because the compensable condition is the same for both knees. However, the fact that both knees have been held compensable for the same condition does not lead to the conclusion that Mr. Reese must have the same amount of permanent impairment in each knee. Therefore, Mr. Reese is entitled to the 8% permanent partial disability award recommended by Dr. Guberman, pursuant to West Virginia Code § 23-4-1g (2003).

In summary, the decision of Board of Review is affirmed as to its findings relating to the right wrist contusion, thoracic sprain, lumbar sprain, cervical sprain, and left knee contusion; the decision of the Board of Review is reversed as to its findings relating to the right knee contusion. The case is remanded with instructions to grant an additional 4% permanent partial disability award for the right knee contusion, for a total permanent partial disability award of 8% for the right knee contusion.

Affirmed in part, reversed and remanded in part.

**ISSUED:   April 23, 2013**

**CONCURRED IN BY:**
Chief Justice Brent D. Benjamin
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II